**STANTON BUILDERS, INC., Respondent,**

v.

**KANSAS CITY, Missouri, a Municipal Corporation, Appellant.**

**No. 54129.**

Supreme Court of Missouri, Division No. 2.

Dec. 8, 1969.

---

William J. Marsh, Kansas City, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, of counsel, for respondent.

Herbert C. Hoffman, City Counselor, Carrol C. Kennett, Assoc. City Counselor, Kansas City, for appellant.

MORGAN, Judge.

On a theory of inverse condemnation, the trial court entered judgment against defendant city in the amount of $41,269.90 for its appropriation of plaintiff's water main extension in a residential subdivision of Kansas City. Defendant has appealed.

This case is really a sequel to Homebuilders Ass'n of Greater Kansas City v. Kansas City, Mo., 431 S.W.2d 111, handed down September 9, 1968, wherein consideration was given to the validity of ninety-four similar contracts between the city and various developers. Such contracts, as in the instant case, generally provided that the developer build at its own expense the required water mains; that the city would incorporate the same into its city system; and, that the developer would be reimbursed through periodic payments from the water department of the city. In this case, plaintiff and defendant had agreed by a contract dated March 27, 1961, that the city would pay plaintiff $50.00 for each original customer connecting to the main until plaintiff recovered his costs or a period of ten years had elapsed.

This particular main was constructed by plaintiff and accepted by the city during the same period of time all of the similar contracts considered in *Homebuilders* were challenged as being void and unenforceable against the city. The attack on such contracts was bottomed on alleged non-compliance with Sec. 82 of the charter of Kansas City, which provided, in part, that: " * * * No contract or order purporting to impose any financial obligation on the city shall be binding upon the city unless it be in writing and unless there is a balance, otherwise unencumbered, to the credit of the appropriation to which the same is to be charged sufficient to meet the obligation thereby incurred, and unless such contract or order bear the certificate of the director of finance so stating; * * *" The specific procedure required by Section 82, was not followed in any of the questioned contracts. However, after fully considering the attack made on this type contract, this court in *Homebuilders*, for the reasons given therein, " * * * concluded that such contingent rights in the plaintiffs do not impose a financial obligation on Kansas City of the nature referred to in Sec. 82 of its charter," and that the contracts were valid and enforceable obligations.

Prior to publication of the opinion in *Homebuilders*, the city refused to make the $50.00 payments as agreed and plaintiff initiated this action. The prayer of the petition was:

Wherefore, the plaintiff prays the Court for a declaratory judgment fixing the rights of the parties, and *if* the Court finds that said contract was void *ab initio* then plaintiff prays for a judgment against defendant in the sum of $29,103.-62 as the value of such water main extension and appurtenances, and for six per cent interest from June 16, 1961; *and if* the Court finds that such contract was valid, then plaintiff prays this Court for a judgment for breach of contract and for $50.00 for each connection made by defendant's Water Department in said subdivision, and for interest at six per cent * * *. (Emphasis ours.)

Based on the pleadings and stipulation of facts, the trial court on July 30, 1968, sustained plaintiff's Motion for Summary

Judgment, and on a theory of inverse condemnation entered the judgment indicated. From the relief prayed for, this ruling necessarily was predicated on the finding that the contract was, in fact, void and unenforceable. This conclusion was erroneous for the reasons found in *Homebuilders*, but we point out that the trial court did not have the guidance of that opinion.

From the petition, as evidenced by the prayer, we are compelled to rule that plaintiff properly sued on the contract, with a request for alternative relief (premised on a theory of inverse condemnation) only if the contract were unenforceable. Since the contract was a valid obligation of defendant the alternative relief requested was not called for nor justified.

The judgment is reversed and the cause is remanded for further proceedings.

All of the Judges concur.